**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE: APPLICATION OF HELENA CABELLERO GOMEZ
FOR AN ORDER TO CONDUCT DISCOVERY FROM
TRIFECTA PARTENERS, INC; ANA MARIA CABALLERO
BOTERO; SANTIAGO CABALLERO BOTERO; and
FELIPE CABALLERO BOTERO
FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO
28 U.S.C. §1782,

Applicant/Petitioner.
_____/

Case No. _____

**EX PARTE APPLICATION OF HELENA CABALLERO FOR AN ORDER TO**
**CONDUCT DISCOVERY FOR US IN FOREIGN PROCEEDINGS PURSUANT TO**
**28 U.S.C. §1782**

**DILICAN LAW FIRM, P.A.**
Lori Dilican, Esq.
121 Alhambra Plaza
Suite 1500
Coral Gables, Florida 33134
(786) 943-9303

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………....5

    I.      FACTUAL BACKGROUND……………………………………………………..........6

          A.  The Parties………………………………………………………………………….6

          B.  The Foreign Proceedings…………………………………………………………..7

          C.  Respondent Possesses Highly Material Information For Use in Foreign Proceedings……………………………………………………………………..9

    II.     ARGUMENT………………………………………………………………………...10

          A.  Legal Framework……………………………………………………………...10

          B.  Petitioner Satisfies the Statutory Requirements of 28 U.S.C. § 1782…………….11

              1.  Respondents are Found in the Southern District of Florida………………….12

              2.  The Application Seeks Documentary Evidence Related to the Probate Estate.13

              3.  The Discovery Sought is For Use in Foreign Proceedings……………………13

              4.  The Petitioner is an Interested Person………………………………………...14

          C.  THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THE APPLICATION…………………………………………………………………..15

              1.  The First *Intel* Factor Favors Granting Discovery……………………………15

              2.  The Second *Intel* Factor Favors Granting Discovery…………………………16

              3.  The Third *Intel* Factor Favors Granting Discovery…………………………...17

              4.  The Fourth *Intel* Factor Favors Granting Discovery………………………….18

    III.    CONCLUSION……………………………………………………………………18

## **TABLE OF AUTHORITIES**

*In re Abud Valech,* No. 1:20-MC-23408-WPD, 2020 WL 8919124, at *5 (S.D. Fla. Dec. 31, 2020)……………………………………………………………………………………..16

*In re Application of Bracha Found.,* 663 F. App'x 755, 765 (11th Cir. 2016)……………………17

*In re Application of Consorcio Ecuatoriano Telecomunicaciones SA v. JAS Forwarding, Inc.,* 747 F.3d 1262, 1269 (11th Cir. 2014)………………………………………………………………11

*In re Application of Setraco Nigeria Ltd.,* 2013 WL 3153902, at *2 (M.D. Fla. June 19, 2013)…..13

*In re Clerici,* 481 F.3d 1324, 1331-32 (11th Cir. 2007)…………………………………….11,15

*In re David Esses,* 101 F.3d 873, 876 (2d Cir. 1996)…………………………………………….11

*In re De Holguin*, 20-23410-MC- (S.D. Fla. Dec. 2, 2020)………………………………14,17

*In re Deposito Centralizado de Compenscaion y Liquidacion de Valores Decevale, S.A.,* No. 20-MC-25212, 2021 WL 2323226, at *8 (S.D. Fla. June 1, 2021)………………………………….17

*In re Furstenberg Fin. SAS,* No. 16-MC-60266, 2016 WL 10707012, at *2 (S.D. Fla. July 27, 2016)……………………………………………………………………………………..11

*In re Application of Gov't of Mongolia,* No. 3:08-MC-46-J-32MCR, 2009 WL 10712603, at *10 (M.D, Fla. Nov. 10, 2009)……………………………………………………………………..16

*In re Jagodzinski,* No. 18-20606-MC, 2019 WL 1112389, at *6 (S.D. Fla. Jan. 15, 2019)…..16,18

*In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1304 (S.D. Fla. 2012)…….17

*In re Michelena,* No. 1:21-MC-20289 (S.D. Fla. June 14, 2021)…………………………14,15,17

*In re MTS Bank,* No. 17-MC-21545, 2018 WL 3145806, at * 6 (S.D. Fla. June 27, 2018)……..17

*In re NRC Holding, Ltd.,* No. 14-MC-61962, 2015 WL 541770, at *2 (S.D. Fla. Feb. 10, 2015)……………………………………………………………………………………..14

*In re O'Keefe*, 660 F. App'x 871, 873 (11th Cir. 2016)……………………………………..11

*In re Petro Welt Trading Ges.m.b.H.,* No. 18-MC_5, 2018 WL 3020205, at *3 (M.D. Fla. June 18, 2018)……………………………………………………………………………………17

*In re Petrus Advisers Invs. Fund, L.P.,* No. 22-22437, 2023 WL 3871614, at *4 (S.D. Fla. Mar. 9, 2023)……………………………………………………………………………………..14

*In re Pimenta,* 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013)…………………………………….11

*In re PQ Corp.,* No. 13-MC-9, 2013 WL 3270407, at * 7 (M.D. Fla. June 26, 2013)…………..18

*Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004)……………....10,11,15,17

28 U.S.C. § 1782…………………………………………………... ……..5,10,11,12,13,14,15,16,17,18

# APPLICATION FOR RELIEF UNDER 28 U.S.C. § 1782

Applicant, HELENA CABALLERO GOMEZ, applies to this Court *ex parte* for an Order pursuant to 28 U.S.C. § 1782 granting leave to obtain targeted document production and testimony from TRIFECTA PARTNERS, INC., ANA MARIA CABELLERO BOTERO, SANTIAGO CABALLERO BOTERO, and FELIPE CABELLERO BOTERO ("Respondent/s"), for use in foreign probate proceedings pending in Colombia where the Applicant is a party in the form of the attached subpoenas. This Application is supported by the memorandum below, the pending Colombian Probate Proceedings commenced [date] in the Colombian Superior Court of Justice, Bogota, Colombia, Testate Succession Division, Family Court #38, Case # 09-2024-00121-00, (the "foreign proceedings"), wherein the suit papers and translation are attached hereto as Exhibit 1. This Application is additionally supported by the declaration of Colombian Attorney Lina Consuegra, which explains the proceedings, Colombian law, and the need for documents and testimony for Respondents. Exhibit 2. Also attached hereto is a proposed order granting the requested relief, Exhibit 3 and the subpoenas. Exhibit 4.

## PRELIMINARY STATEMENT

In the Colombian Probate Proceeding, (the "foreign proceedings"), the Colombian Court is requested to inventory the movable and immovable asset of the Decedent, FERNANDO CABALLERO ARROYO, ("decedent"), who allegedly died testate on April 12, 2023. The decedent is the father of the Applicant and the individual Respondents. Upon information and belief, the Respondents have discovery documents and testimony within their care, custody and control that is subject to this 28 U.S.C. § 1782 proceeding.

In the foreign proceedings, the Respondents/Botero heirs, who collectively represent three (3) of the (5) heirs, of the estate of the decedent, initiated probate proceeding after the death of

Case 1:25-mc-24785-DSL   Document 1   Entered on FLSD Docket 10/17/2025   Page 6 of 19

Fernando Caballero Arroyo on April 12, 2023, and represented to the Colombian tribunal that the estate is insolvent where the estate allegedly has incurred more debts than it has assets. Applicant disputes that the estate is insolvent because during the course of his lifetime, the decedent amassed a substantial fortune, with diverse assets including real estate, where one property alone, being located in Miami-Dade County, Florida, sold for approximately forty-seven million dollars ($47,000,000). The Petitioner also contends that numerous assets acquired by the decent were excluded from the decedent's estate to create the appearance of insolvency and to deprive the Petitioner and her sister, Paula Caballero Gomez, ("the Gomez heirs"), of their rightful share of the decedent's estate. The Applicant claims that around 2015, when the decedent was demonstrating progressed signs of substantial cognitive deterioration due to a neurological condition, the individual Respondents/ Botero heirs, began implementing a complex scheme to deprive the Applicant and her sister of their rightful share of the decedent's estate through a business structuring scheme whereby assets were transferred, concealed, and/or dissipated for the purpose of excluding the majority of assets from the estate and thereby diminishing the value of the estate which would effectively deprive Applicant of any inheritance.

I. FACTUAL BACKGROUND

A. The Parties

**Applicant**, Helena Caballero Gomez is the daughter of decedent Fernando Caballero Arroyo and along with her sister, Paula Caballero Gomez, "the Gomez heirs," has been recognized in the Colombian succession proceedings as an heir and beneficiary in the probate of the decedent's estate which was initiated by the individual Respondents.

**Individual Respondents,** Ana Maria Caballero Botero, is the half-sister of the Petitioner, who along with her brothers, Santiago Caballero Botero and Felipe Caballero Botero, "the Botero heirs," initiated the Colombian probate proceedings of the Estate of Fernando Caballero Arroyo.

**Respondents,** Trifecta Partners, Inc. is a Florida corporation, under the control and ownership of the Botero heirs. Trifecta Partners, Inc. appears to have come into existence through a process of mergers and name changes of several other corporate entities, namely Pitu, Inc. which was incorporated on August 7, 1997, in the Caymen Islands. Pitu, Inc. was domesticated in 2015 and registered as a Florida corporation by Ana Maria Cabellero, Ana Maria Botero, Santiago Caballero and Felipe Caballero. On December 16, 2015, Pitu was merged with Mashta Point, Inc. which was incorporated on November 10, 2015. Shortly thereafter, on January 20, 2016, Mashta Point, Inc. changed its name to Trifecta Partners, Inc. Trifecta Partners, Inc. is the parent company for many of the holdings of the Caballero family. Trifecta Partners, Inc. lists is principal place of business as located in West Palm Beach, Florida. However, its listed officers, Ana Maria Caballero Botero and Santiago Caballero Botero resided in Miami-Dade County, Florida at all times material. Thus, the nerve center of the corporation is located in Miami, Florida.

"Masha Point" is the local area reference for the Mashta House on Key Biscayne which was originally built by one Key Biscayne's founding families, the Matheson's. Mashta Point was purchased by Fernando Caballero through Pitu, Inc. Eventually, on December 23, 2015, Mashta Point was sold for $47,000,000 and received media coverage for being the most expensive real estate purchases on Key Biscayne at the time. Less than one month later, on January 20, 2016, Mashta Point, Inc. changed its name to Trifecta Partners, Inc. It is commonly known that a "trifecta" indicates the first three winners of a race, given the circumstances the name is suggestive.

B.  **The Foreign Proceedings**

Mr. Caballero's business interests and property holdings are believed to be far more extensive than those listed in the Colombian probate and the Applicant contests that the estate is insolvent as represented to the Colombian Court. Exhibit 5. The decedent is survived by his five children comprised of the Gomez heirs and the Botero heirs. It is significant that the decedent's spouse, Ana Maria Caballero Botero, who shares a name with her daughter, who is an individual Respondent hereto, undertook a liquidation of conjugal society process in Colombia prior to the decedent's death. This process is similar to Florida's equitable distribution process for the division of assets, but without the dissolution of the marriage. For this reason, the decedent's spouse was not included in the Colombian probate proceedings.

The Colombian probate proceedings were initiated by the Botero heirs, who provided the accounting information for the decedent's estate. According to the Botero heirs, the estate owes assets of $530,979,000 pesos and liabilities in an amount exceeding $2,052,000,000 billion pesos and has insufficient assets to satisfy the alleged liabilities of $1,521,020,000 pesos (approximately $513,000 US). These representations as to the estates assets and liabilities are highly circumspect given the decedent's business holdings and property acquisitions. Applicant was a witness to and participated in the decedent's wealthy lifestyle because the decedent's assets included businesses and real estate holdings and other investments in Colombia, the United States, Spain and other jurisdictions. Despite the decedent's vast holdings, it has been represented to the Colombian tribunal that the decedent's estate is insolvent. As such, the Applicant is challenging the estate accounting and an inventory of the decedent's movable and immovable assets is necessary to assess the estate and make appropriate distributions amongst the heirs.

Given that the Caballero family's wealth appears to stem from the decedent's interest in Pitu, Inc., which evolved into Trifecta Partner's Inc. through a series of corporate structure and

name changes, an accounting of the decedents assets and ownership thereof needs to be accomplished in the Colombian proceedings. For instance, it is reported that the decedent purchased the Mashta Point property in Key Biscayne, Florida through Pitu, Inc. a Caymen Islands corporation, which was domesticated in Florida by the Caballero Botero women, and then merged with Mashta Point, Inc. whose name was changed to Trifecta Partners, Inc. with only the Botero heirs having an interest therein. Upon knowledge and belief, the decedent had other extensive business and real estate holdings that are not accounted for in the Colombian Probate. There appears to be a pattern of asset transfers through corporations and shell companies that would remove assets from the decedent and place ownership over the assets in the control, custody and possession of the Botero heirs to the exclusion of the Gomez heirs.

### C. Respondents Possesses Highly Material Information For Use in Foreign Proceedings

Given that Trifecta Partners, Inc. has its principal place of business in south Florida where the Botero heirs reside, discovery of the relevant records and documentation of the decedent's estate are available in this jurisdiction and are outside the reach of the Colombian discovery process. Under Colombian law, as confirmed by the Declaration of Attorney Lina Consuegra the Applicant entitled to the property of the decedent and to access the decedent's records, wherever they may be situated.

Upon information and belief, the assets of the decedent have been re-titled in the name or right of control of the Respondents and withheld from the Applicant. Regardless of how the assets are presently titled and/or controlled, the assets were titled and controlled by the decedent. The Respondents, both individually and collectively, through possible efforts to re-title the assets of the decedent, possess highly material and discoverable documents, records and testimony which is obtainable and of use in the Colombian proceeding. The issue of the transfer and/or re-titling of

documents is a central issue in the Colombian Probate because the Botero heirs may claim that the assets are their property and should not be included in the estate. Notwithstanding the need for a full accounting of the estate assets and liabilities, many of which appear to be withheld from estate inventory of assets. Given the discovery evidence sought and needed by the Applicant, the need arose to commence proceedings pursuant to 28 U.S.C. § 1782. These documents and testimony are important and necessary for the Applicant to prosecute and prove her claims in the Colombian Probate proceeding.

## II.     ARGUMENT

### A. Legal Framework

Under 28 U.S.C. § 1782, United States District Courts are permitted to grant discovery for use in a pending or "reasonabl[y] contemplat[ed]" foreign proceeding.

*Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004). The statute states in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or thing for use in a proceeding in a foreign or international tribunal…. The order may be made… upon the application of any interested person.

28 U.S.C. § 1782

An application made pursuant to 28 U.S.C. § 1782 must satisfy four statutory requirements: (1) the request must be made 'by a foreign or international tribunal" or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or 'the production of a document or other thing'; (3) the evidence must be 'for use in a proceedings in a foreign or international tribunal'; and (4) the person from whom the discovery is sought must

reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici,* 481 F.3d 1324, 1331-32 (11th Cir. 2007); see also *In re O'Keefe*, 660 F. App'x 871, 873 (11th Cir. 2016) (quoting *In re Clerici,* 481 F.3d at 1331-32).

If the statutory requirement are satisfied, courts may then consider four discretionary factor when deciding whether to grant the Section 1782 application: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and accessible absent Section 1782 aid; (2) the nature of the forego tribunal, character of the pending foreign proceedings, and the receptivity of the foreign tribunal, government or agency to U.S. federal judicial assistance; (3) whether the Section 1782 request conceals or attempts to circumvent foreign discovery restrictions; and (4) whether the subpoenas contain unduly intrusive or burdensome requests. *See Intel,* 542 U.S. at 264-65; *In re Clerici,* 481 F.3d at 1334.

The Court should consider these discretionary factors in light of the statute's "twin aims [of] providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Furstenberg Fin. SAS,* No. 16-MC-60266, 2016 WL 10707012, at *2 (S.D. Fla. July 27, 2016) (citing *In re David Esses,* 101 F.3d 873, 876 (2d Cir. 1996)); see also *In re Pimenta,* 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013). Both the Supreme Court and the Eleventh Circuit recognize the congressional intent to provide a liberal avenue to discovery in aid of foreign proceedings. *Intel,* 542 U.S. at 247-48; *Application of Consorcio Ecuatoriano Telecomunicaciones SA v. JAS Forwarding, Inc.,* 747 F.3d 1262, 1269 (11th Cir. 2014).

### B. Petitioner Satisfies the Statutory Requirements of 28 U.S.C. § 1782

Applicant satisfies the four statutory requirements of Section 1782: (1) the Respondents "reside" or are otherwise "found" in the Southern District of Florida; (2) this Application seeks

evidence through the production of documents and testimony; (3) the evidence is for use in foreign proceedings; and (4) Applicant is an "interested person."

### 1. Respondents are Found in the Southern District of Florida.

Respondent, Ana Maria Caballero Botero is found in this district because she resides at 2111 South Flager Drive, West Palm Beach, Florida, 33401, or has otherwise resided in the district at all times material to this application. Ana Maria Caballero Botero is a participant in the Colombian proceedings. However, the documents and/or testimony sought is tied to Trifecta Partners, Inc., which is not a participant and is not within the reach of the Colombian tribunal. Accordingly, evidence sought is in the care, custody and control of Ana Maria Caballero Botero in this district and may be unobtainable absent Section 1782 aid.

Respondent, Santiago Caballero Botero is found in this district because he resides at 75 NW 91 St., Miami Shores, Florida, 33150, or has otherwise resided in the district at all times material to this application. Santiago Caballero Botero is a participant in the Colombian proceedings. However, the documents and/or testimony sought is tied to Trifecta Partners, Inc., which is not a participant and is not within the reach of the Colombian tribunal. Accordingly, evidence sought is in the care, custody and control of Santiago Caballero Botero in this district and may be unobtainable absent Section 1782 aid.

Respondent, Felipe Caballero Botero is found in this district because he resides at 210 Poinciana Island Drive, Sunny Isles Beach, Florida, 33160, or otherwise resided in the district at all times material to this application. Felipe Caballero Botero is a participant in the Colombian proceedings. However, the documents and/or testimony sought is tied to Trifecta Partners, Inc., which is not a participant and is not within the reach of the Colombian tribunal. Accordingly, evidence sought is in the care,

custody and control of Felipe Caballero Botero in this district and may be unobtainable absent Section 1782 aid.

Respondent Trifecta Partners, Inc. is found in the Southern District of Florida because its principal place of business is located at 3300 South Dixie Hwy., Suite 1-118, West Palm Beach, FL 33405. Additionally, its President, Ana Maria Caballero Botero and its Secretary, Santiago Caballero Botero, are found in the Souther District of Florida from where the corporation is controlled by its officers and as such, Miami, Florida is the corporations "nerve center." Moreover, West Palm Beach, Florida is less than 100 miles from Miami and as such is well within this Court's subpoena power pursuant to Fed. R. Civ. P. 45. Here, Trifecta Partner's is not a participant in the foreign proceedings and would otherwise be outside of the Colombian tribunal's reach. *Intel*, 542 U.S. at 264.

## 2. The Application Seeks Documentary Evidence Related to the Probate Estate

This Application seeks documentary evidence and/or testimony relating to the Colombian Probate proceeding and the Respondent's involvement in the accurate accounting and/or possible re-titling of the assets of the decedent's estate and the Respondent's involvement in same. Thus, the second statutory requirement is met. *In re Application of Setraco Nigeria Ltd.,* 2013 WL 3153902, at *2 (M.D. Fla. June 19, 2013).

## 3. The Discovery Sought is For Use in Foreign Proceedings

The information sought in the subpoenas is "for use" in foreign international proceedings consistent with the purpose of Section 1782. The Colombian Probate proceeding qualifies as a proceeding in a foreign or international tribunal. This Court has recognized entitlement to discovery in aid of foreign proceedings in the probate/inheritance context. Especially here, where

the majority of the information sought relates to account statements and other documentation located in the district and under the care, control and custody of Respondents that are also located within the district. *In re Michelena,* No. 1:21-MC-20289 (S.D. Fla. June 14, 2021) ("Applicants must assert that they are entitled to the information being sought as heirs to the Deceased."); *In re De Holguin*, 20-23410-MC- (S.D. Fla. Dec. 2, 2020).

The Applicant's requested discovery is clearly "for use" in the foreign proceeding. However, the Applicant is not required to show that the information sought would be discoverable or admissible in the foreign proceedings. *Intel,* 542 U.S. at 260. ("[N]othing in the text of §1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."); *In re NRC Holding, Ltd.,* No. 14-MC-61962, 2015 WL 541770, at *2 (S.D. Fla. Feb. 10, 2015) (Section 1782 "does not impose a foreign discoverability requirement"). The Applicant must only show that "the requested discovery is something that will be employed with some advantage or serve some use in the proceedings." *In re Petrus Advisers Invs. Fund, L.P.,* No. 22-22437, 2023 WL 3871614, at *4 (S.D. Fla. Mar. 9, 2023).

Applicant satisfies this requirement. The information sought in the subpoenas is highly material and relevant to the Colombian Probate proceeding, where it relates directly to the assets and ownership thereof that comprise the decedent's estate and the inheritance to be derived therefrom. The Applicant will utilize the information and evidence obtained to support her contention that the estate of the decedent is not insolvent and contrary to said representation, the estate is comprised of substantial assets and that the Applicant is entitled to an inheritance therefrom.

4. **The Petitioner is an Interested Person**

Pursuant to Section 1782, the Applicant must show a reasonable interest in the foreign proceedings. Undoubtedly, litigants may be the most common example of an "interested person" on whose behalf Section 1782 may be invoked. *Intel,* 542 U.S. at 256. Here, the Applicant is a party to the Colombian Probate proceeding and should be entitled to discovery in aid of such proceedings. *In re Michelena,* Case No. 1:21-MC-20289 (S.D. Fla. June 14, 2021).

### C. THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THE APPLICATION

The Applicant satisfies Section 1782's statutory factors. Moreover, each *Intel* factor weighs in favor of granting the requested discovery. The Eleventh Circuit has adopted the *Intel* factors:

> (1) Whether 'the person from whom discovery is sought is a participant the Proceedings,' because the need for §1782 (a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) 'whether the §1782 (a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome."

*In re Clerici,* 481 F.3d at 1334 (quoting *Intel,* 542 U.S. at 264-65).

#### 1. The First *Intel* Factor Favors Granting Discovery.

The first *Intel* factor asks "Whether 'the person from whom discovery is sought is a participant the Proceedings,' because the need for §1782 (a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'." Here, Respondent, Trifecta Partners, Inc. is not a party to the foreign proceedings. However, Respondents, the individual Botero heirs, are parties to the foreign proceedings. However, as explicated above, there appears to be a pattern of asset transfers through corporations and shell companies that would remove assets from the decedent and place ownership over the assets in the control, custody and possession of the Botero heirs to the exclusion of the Gomez heirs. Given that it is the Botero heirs that provided the

accounting of the estate's assets and debts, the Applicant is entitled to the documents and other evidence that supports the accuracy of the assets and liabilities of the estate. Especially here, where according to the Botero heirs' calculations, the estate is insolvent and there would be nothing for the Applicant or any other Gomez heir to inherit. Thus, such discovery is highly material to the Applicants claim that the accounting provided is inaccurate and that assets appear to have been re-titled and/or transferred into the name or control of the Botero heirs. The documentary evidence and testimony necessary to support the Applicant's claims is located in this district under the care, custody and control of the Botero heirs. Here, where the Applicant contends that the decent amassed a sizable fortune and the Botero heirs claim that his estate is insolvent, there exists a substantial need for discovery in aid of the Colombian proceeding. Moreover, it is self-evident that such documents have a significant use in the determination of the decedent's estate. Thus, the first *Intel* factor weighs in favor of granting the Application because the need for the discovery evidence is plainly apparent.

### 2. The Second *Intel* Factor Favors Granting Discovery.

Under the second *Intel* factor, the Court looks to "whether the foreign tribunal is willing to consider the information sought. *In re Abud Valech,* No. 1:20-MC-23408-WPD, 2020 WL 8919124, at *5 (S.D. Fla. Dec. 31, 2020). "Another nation's limit on discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions does not necessarily signal objection to aid from United States federal courts." *In re Jagodzinski,* No. 18-20606-MC, 2019 WL 1112389, at *6 (S.D. Fla. Jan. 15, 2019) (cleaned up). Thus, an evaluation of the *Intel* factors does not require the court to "engage in speculative forays into unfamiliar legal territories to determine the likely reaction of a foreign court to any Section 1782 discovery." *Id.* Notwithstanding the foregoing, this Court has granted applications for discovery in aid of

Colombian proceedings within the context of the relief sought here. *In re Michelena,* No. 1:21-MC-20289 (S.D. Fla. June 14, 2021) *In re De Holguin*, 20-23410-MC- (S.D. Fla. Dec. 2, 2020). But most importantly, a court will generally deny discovery on the basis of a lack of foreign receptiveness **only** when it is provided "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782." *In re MTS Bank,* No. 17-MC-21545, 2018 WL 3145806, at * 6 (S.D. Fla. June 27, 2018). There is no authoritative proof that the Colombian courts would reject evidence obtained here. The second *Intel* factors granting discovery where evidence obtained abroad is not prohibited by law under available legal means. *In re Petro Welt Trading Ges.m.b.H.,* No. 18-MC_5, 2018 WL 3020205, at *3 (M.D. Fla. June 18, 2018). Thus, the second factor weighs in favor of granting the discovery requested in this Application.

### 3. The Third *Intel* Factor Favors Granting Discovery.

The third *Intel* factor considers "whether the §1782 (a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 264-65. A "party requesting judicial assistance does not have to prove receptivity to show that they are not attempting to circumvent foreign proof-gathering mechanisms." *In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1304 (S.D. Fla. 2012). "Absent a persuasive showing that a section 1782 applicant…is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions… this factor does not counsel against section 1782 relief." *Id.* at 1305. As seeking discovery, there is no requirement that the Applicant must first exhaust remedies by first seeking discovery in the foreign jurisdiction. *In re Deposito Centralizado de Compenscaion y Liquidacion de Valores Decevale, S.A.,* No. 20-MC-25212, 2021 WL 2323226, at *8 (S.D. Fla. June 1, 2021); *In re Application of Bracha Found.,* 663

F. App'x 755, 765 (11th Cir. 2016). In fact, "§1782 requires only that the discovery sought be useful, not that it be admissible." *In re Application of Gov't of Mongolia,* No. 3:08-MC-46-J-32MCR, 2009 WL 10712603, at *10 (M.D, Fla. Nov. 10, 2009).

There is no basis to support a belief that the discovery sought violates public policy related to foreign proceedings. Applicant seeks targeted discovery documents and testimony sufficient to ascertain the assets which should be recognized and included in the decedent's estate. Thus, the third *Intel* factor weighs heavily in favor of granting the Application.

### 4. The Fourth *Intel* Factor Favors Granting Discovery.

The fourth *Intel* factor considers whether the requests are "unduly burdensome." *Intel,* 542 U.S. at 264-65. The standard is substantially the same as ordinary domestic civil litigation under the federal Rules. *In re PQ Corp.,* No. 13-MC-9, 2013 WL 3270407, at * 7 (M.D. Fla. June 26, 2013). "If the discovery requests are properly tailored, then this factor weighs in favor of granting assistance under Section 1782." *In re Jagodzinski,* No. 18-MC-20606, 2019 WL 112389, at *8 (S.D. Fla. Jan. 15, 2019). Here, the document requests are targeted and appropriately tailored and are directly material and relevant to the issues in the foreign proceedings. Any burden that the Respondents may incur is reasonable and proportionate under the circumstances. For these reasons, the fourth *Intel* factor weighs in favor of granting the relief requested.

### III.   CONCLUSION

On the foregoing basis, the Applicant/Petitioner, respectfully requests that the Court (a) grant the Application and Petition for An Order To Conduct Discovery; (b) enter the attached Proposed Order; (c) authorize the Applicant/Petitioner to serve the attached subpoenas on the Respondents pursuant to 28 U.S.C. §1782; and (d) grant any and all other relief to Applicant/Petitioner that the Court deems just and proper.

Dated: October 17, 2025.

                                                Respectfully Submitted,

                                                /s/ Lori Dilican
                                                Lori Dilican, Esq.
                                                Fla. Bar No. 1004723

                                                **DILICAN LAW, P.A.**
                                                121 Alhambra Plaza Suite 1500
                                                Coral Gables, Florida 33134
                                                (786) 943-9303
                                                ldilican@dilicanlaw.com