UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-24785-LEIBOWITZ

IN RE COLOMBIA APPLICATION OF
HELENA CABELLERO GOMEZ FOR
AN ORDER TO CONDUCT
DISCOVERY FROM TRIFECTA
PARTNERS, INC.; ANA CABALLERO
BOTERO; SANTIAGO CABALLERO
BOTERO AND FELIPE CABALLERO
BOTERO,

_____/

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Panayotta Augustin-Birch ("the Report and Recommendation" or "the R&R") [ECF No. 21]. On October 17, 2025, Applicant Helena Caballero ("Applicant" or "Caballero") filed an ex parte application ("the Application") seeking an order to conduct discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. [ECF No. 1]. On December 15, 2025, the Court granted the Application. [ECF No. 4]. On January 30, 2026, Respondents[1] filed a Motion To Vacate The Court's Order Granting § 1782 Subpoenas And Quash Applicant Helena Caballero's Subpoenas ("the Motion") [ECF No. 11]. On March 20, 2026, the Court referred the Motion to Judge Augustin-Birch for a report and recommendation. [ECF No. 19].

On May 21, 2026, Judge Augustin-Birch issued the Report and Recommendation, recommending that the Court grant the Motion. [ECF No. 21 at 1]. Applicant timely objected to the R&R [ECF No. 24 ("the Objections")], and Respondents timely filed responses to Applicant's Objections. [ECF No. 25].

---

[1]      "Respondents" are Trifecta Partners, Inc., Ana Maria Caballero Botero, Santiago Caballero Botero, and Felipe Caballero Botero (together with Applicant, "the Parties").

1

**BACKGROUND**

Caballero seeks discovery in aid of a Colombian probate dispute. The three underlying actions, all of which have been consolidated before a single judge in Colombian Family Court, concern disagreements about the appropriate disposition of the estate of the Parties' father, Fernando Caballero Arroyo ("Caballero Arroyo"). [ECF No. 21 at 1–2]. Briefly, Caballero suggests that the estate's assets may have been diverted improperly in favor of Respondents, all of whom are the children of the father's second wife, whereas Caballero is the daughter of the father's first wife. [ECF No. 1 at 5–6]. In particular, Caballero believes that a valuable property in Key Biscayne, Miami, may have been sold to fund the creation of Respondent Trifecta, Inc., after which the individual Respondents "began implementing a complex scheme to deprive the Applicant of her rightful share of the decedent's estate through complex business structuring that enabled assets to be transferred, concealed, and/or dissipated for the purpose of excluding the majority of assets from the probate estate." [ECF No. 16 at 5–6]. Years before Caballero Arroyo's death, he and his second wife divided their marital assets, at which time the Miami property was transferred to the second wife. [ECF No. 11 at 2].

Following Caballero Arroyo's death in 2014, Respondents opened a probate proceeding in Colombia in May of 2024 seeking an accounting of the estate's assets. [ECF No. 11 at 3]. Subsequently, Caballero initiated two separate proceedings in Colombia seeking (1) to nullify Caballero Arroyo's will because of diminished capacity and (2) to rescind the separation of Caballero Arroyo and his second wife's marital asserts. [*Id.*]. Respondents have asserted threshold procedural challenges to those actions, which have yet to be resolved. [*Id.* at 3–4].

While those actions were pending, Caballero submitted the instant Application seeking discovery from each of the five respondents. [*See generally* ECF No. 1]. Caballero's proposed

2

subpoenas seek 11 categories of financial documents from the Respondents over the course of the past decade.  [ECF No. 1-5 at 10–11].

## LEGAL STANDARD

**Review of a Report and Recommendation**:  "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."  *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up).  The objections must also present "supporting legal authority."  S.D. Fla. L. Mag. J.R. 4(b).  Where a party objects to a report and recommendation on a non-dispositive matter, the reviewing court must set aside only those portions of the report and recommendation found to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.  A report and recommendation on a motion to quash a Section 1782 subpoena concerns a non-dispositive matter that is reviewed under this deferential standard.  *In re Pons*, 614 F. Supp. 3d 1134, 1140 (S.D. Fla.) (Lenard, J.) (collecting cases), *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020).

**Section 1782 Applications**:  To establish prima facie entitlement to judicial assistance under Section 1782:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*Id.* (quoting *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007)).

> Once the prima facie requirements are satisfied, the Supreme Court in *Intel* noted these factors to be considered in exercising the discretion granted under § 1782(a): (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

3

assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 F.3d at 1332 (11th Cir. 2007) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)).

## DISCUSSION

### I.     "Active Discovery" or Exhaustion Requirement

Caballero first objects that Judge Augustin-Birch "erred by imposing an arbitrary active discovery requirement" and otherwise required her to "exhaust" domestic discovery avenues before filing the instant Application. [ECF No. 24 at 4]. Judge Augustin-Birch explicitly confirmed, however, that she was imposing no such requirement. [ECF No. 21 at 7–8]. Rather, Judge Augustin-Birch properly considered as one factor among many that Caballero will have access to discovery from the four individual Respondents in this action in the Colombian proceedings and reached the reasonable conclusion that she will have indirect access to discovery from the corporate Respondent, Trifecta, Inc., because it is under the control of the individual Respondents. [*Id.* at 5–6]. A Section 1782 applicant's attempt to side-step domestic discovery procedures is an appropriate consideration in granting a motion to quash. *In re Abud Valech*, No. 1:20-MC-23408-WPD, 2020 WL 8919124, at *6 (S.D. Fla. Dec. 31, 2020) (Becerra, M.J.) (quoting *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016)) ("While the court does not require an applicant to conclusively establish that they have exhausted all discovery attempts abroad, 'a perception that an applicant has "side-stepped" less-than favorable discovery rules by resorting immediately to § 1782 can be a factor in [the] court's analysis.'"), *report and recommendation approved*, No. 20-MC-23408-WPD, 2021 WL 1062228 (S.D. Fla. Mar. 18, 2021). The Report and Recommendation also appropriately considered the Parties' divergent representations as to the amenability of Colombian

courts to foreign discovery and reached the reasoned conclusion that Caballero *can* seek foreign discovery through domestic procedures, even if she is not *required* to do so.  [ECF No. 21 at 7–8].

Accordingly, as to Caballero's first Objection, the Court does not find the R&R "clearly erroneous or contrary to law."

## II.     Scope of Discovery Requests

Caballero next objects that Judge Augustin-Birch erred by concluding that the proposed subpoenas were overly broad and burdensome.  [ECF No. 24 at 7–8].  Caballero cites cases in which courts have quashed subpoenas seeking broader discovery than what is at issue here but cites no comparable authority supporting the appropriateness of the proposed subpoenas.  [*Id.* (citing *Ex parte Klein*, 2025 U.S. Dist. LX 205039 *11 (S.D. Fla. Oct. 17, 2025); *In re Martinez*, 736 F. Supp. 3d 1189, 1204, 1206 (S.D. Fla. 2026)].  Accordingly, this Objection is not "supported by authority."  S.D. Fla. L. Mag. J.R. 4(b).

Even if it were, the Report and Recommendation is not "clearly erroneous or contrary to law" on this point.  The proposed subpoenas seek voluminous discovery into the details of essentially every aspects of the Respondents' financial histories dating back a decade.  Moreover, this broad discovery is largely untethered from the Colombian proceedings, which concern *Cabellero Arroyo's* estate (not his children's finances), his capacity at the time of his death, and the propriety of the separation of his marital assets.  The fourth factor of the *Intel* test "decidedly weighs against" granting a Section 1782 application where the requested discovery does not "connect . . . to a factual basis" and where the underlying action is "simply supported by [the applicant's] suspicions."  *Ex parte Klein*, 2025 LX 428674, at *47.

Accordingly, as to Applicant's second Objection, the Court does not find the R&R "clearly erroneous or contrary to law."

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Judge Augustin-Birch's Report and Recommendation [**ECF No. 21**] is **AFFIRMED AND ADOPTED in its entirety**.

2.  All of Applicant's Objections to the Report and Recommendation [**ECF No. 24**] are **OVERRULED**.

3.  The Motion [**ECF No. 11**] is **GRANTED**.

4.  The Clerk is **DIRECTED** to **CLOSE** this case.   All existing deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on July 15, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

6